USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 6/10/2020

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------- X
    UNITED STATES,                                       :

                  -v-                                :          1:04-cr-1162-GHW

    CARLOS ECHEVERRY,                     :            ORDER

                          Defendant.  :
------------------------------------------------------------- X

GREGORY H. WOODS, United States District Judge:

On May 14, 2020, the Court received a motion by Carlos Echeverry requesting that the Court order his compassionate release to home confinement pursuant to 18 U.S.C. § 3582(c). Dkt. No. 87. Mr. Echeverry's motion points to the incidence of COVID-19, and his medical condition as a basis for the Court to order his compassionate release.

Mr. Echeverry was born in November 1965; he is 54 years old today. The medical records attached to Mr. Echeverry's motion show that he suffers from a number of significant medical issues, which are associated with an increase in the risk associated with COVID-19, including asthma, hypertension and morbid obesity.

Mr. Echeverry was sentenced to a total of 240 months imprisonment on June 29, 2010 by Judge Shira Scheindlin. Dkt. No. 37. That sentence represented the mandatory minimum sentence associated with his two crimes of conviction: conspiracy to distribute with intent to distribute cocaine, heroin, and crack, in violation of 21 U.S.C. § 846; and possession of a firearm in relation to a drug trafficking crime in violation of 18 U.S.C. § 924(c)(1)(A)(iii). The pre-sentence report prepared in connection with his offense stated that he was responsible for conspiring to distribute at least 150 kilograms of cocaine, 10 kilograms of heroin and at least 500 grams of crack. Presentence

Report at 5. Judge Scheindlin noted the following during his sentencing: "According to the unchallenged facts in the presentence report, defendant was selling large amounts of cocaine, crack, and heroin from 2001 to 2004. He also used a weapon in furtherance of his drug business." Sentencing Transcript at 13:24-14-2.

As his motion notes, Mr. Echeverry is from Colombia. At the time of his sentencing, he was residing in the United States without legal status. An immigration detainer had been placed on him by U.S. Immigration and Customs Enforcement ("ICE"). Presentence Report at 3. At sentencing, Judge Scheindlin specifically noted that Mr. Echeverry "is also subject to deportation at the end of his term of imprisonment." Sentencing Transcript at 12:17-18.

Under 18 U.S.C. § 3582(c)(1)(A), "upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf," a court may reduce such defendant's sentence if it finds that "extraordinary and compelling circumstances warrant such a reduction," and that "such a reduction is consistent with the applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(1)(A)(i). The Court must also consider the "factors set forth in section 3553(a) to the extent that they are applicable." *Id.* § 3582(c)(1)(A).

Congress tasked the Sentencing Commission with identifying the circumstances that are sufficiently extraordinary and compelling to justify a reduction in sentence. *United States v. Ebbers*, — F. Supp. 3d —, No. (S4) 02 Cr. 1144-3 (VEC), 2020 WL 91399, at *4 (S.D.N.Y. Jan. 8, 2020) (quoting 28 U.S.C. § 994(t)). As relevant here, the Commission's policy statement and its corresponding commentary on § 3582(a)(1)(A) state that a court may reduce a sentence for "extraordinary and compelling reasons," including where the defendant is "suffering from a serious physical or medical condition . . . that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected

2

to recover." 1 U.S.S.G. § 1B1.13(1)(A) & cmt. n.1(A). The defendant, however, must not be a danger to the community and the reduction must be consistent with the Commission's policy statement. *Id.* § B1.13(2)–(3).

The Court appreciates the increased risk of exposure to COVID-19 that Mr. Echeverry faces as a result of his medical conditions. For purposes of this motion, the Court assumes, without holding, that he has adequately shown the existence of "extraordinary and compelling" reasons for his release.

Nonetheless, in evaluating the remaining factors, the Court does not believe that Mr. Echeverry should be granted the relief that he requests. First, the Court cannot conclude that Mr. Echeverry is not a danger to the community. Mr. Echeverry was involved in a very serious crime— one that involved the brandishing of a firearm. Judge Scheindlin observed the following at sentencing: "The public does need some level of protection from this defendant. He was a major player in the drug business and carried a weapon in furtherance of that business." Sentencing Transcript at 15:19-21. The Court appreciates that Mr. Echeverry is an older man now, and that he has served a substantial portion of his sentence, but he was a major player in the drug industry over the course of several years and had a weapon in connection with that business. The Court cannot conclude that he is not a danger to the community.

Moreover, in considering all of the § 3553(a) factors, the Court does not believe that a reduction in Mr. Echeverry's sentence is warranted. While the factor related to the need for Mr. Echeverry to receive medical care arguably weighs more heavily in favor of a lesser sentence now, the nature of his crime was very serious—he was responsible for the illegal distribution of very large quantities of illegal narcotics and a firearm was used in connection with that offense. Mr. Echeverry was sentenced to the mandatory minimum sentence for his crimes. The Court's assessment of all of the other § 3553(a) sentencing factors, including the need for personal and general deterrence, all

continue to weigh heavily against a modification of his sentence now.

The Court appreciates from Mr. Echeverry's motion that he has family in the United States with whom he asserts he will live upon release. However, the presentence report indicates that Mr. Echeverry entered the United States illegally and that ICE had issued an immigration detainer for him by the time of his sentencing. Given that fact, the Court anticipates that when he is released from his term of imprisonment for this offense, that there is a very high probability that he will be detained by ICE for potential deportation.

In sum, having considered all of the information presented to the Court in connection with this application, the Court does not believe that a reduction in Mr. Echeverry's sentence is warranted. His motion is DENIED.

The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that any appeal from this order would not be taken in good faith, and therefore IFP status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

The Clerk of Court is directed to terminate the motion pending at Dkt. No. 97, and to mail a copy of this order to Mr. Echeverry.

SO ORDERED.

Dated: June 10, 2020

_____
GREGORY H. WOODS
United States District Judge