USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 6/22/20

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------- X
    UNITED STATES,

                  -v-                                   1:04-cr-1162-GHW

    CARLOS ECHEVERRY,                       ORDER

                          Defendant.
-------------------------------------------------------------- X

GREGORY H. WOODS, United States District Judge:

On June 17, 2020, Defendant Carlos Echeverry, proceeding *pro se*, filed a motion (the "Motion") requesting that the Court appoint him a new attorney, and that the Court "order the federal BOP to recalculate those 41 missing months to his sentence." Dkt. No. 100. Mr. Echeverry's motion rests on two factual predicates which appear not to be incorrect: first, because Mr. Nelson remains counsel of record for Mr. Echeverry, and, second, because the Court has not ordered that the BOP do anything to recalculate his service time, and, as the parties recognized previously, the Court is limited in its authority to do so.

Mr. Nelson entered a notice of appearance on behalf of Mr. Echeverry on October 15, 2016. Dkt. No. 58. Mr. Echeverry writes in his Motion that he was contacted by an attorney "telling him that Mr. Nelson has accepted another position in government and could not represent defendant anymore in this issue." Motion at 3. But Mr. Nelson has not moved to withdraw as counsel for Mr. Echeverry; and the Court has not granted him leave to do so. Mr. Nelson remains counsel to Mr. Echeverry until the Court relieves him of that role. *See* Local Criminal Rule 1.2. The Court declines to appoint new counsel for Mr. Echeverry at this time because, among other things, it appears that this application is founded on the understanding that Mr. Nelson has been granted leave to

withdraw as Mr. Echeverry's counsel.

Mr. Echeverry states in his Motion that "[t]his Court had order[ed] that the federal BOP should credit defendant with those times he was in another prison by under the custody of the federal BOP, but stated that defendant should do all administrative remedies before." Motion at 2. This statement is inaccurate. The Court's understanding regarding the state of affairs is set forth in Mr. Nelson's April 24, 2019 letter to the Court, Dkt. No. 92, which the Court has ordered be provided to Mr. Echeverry for ease of reference. In it, among other things, counsel for Mr. Echeverry writes that the "parties agreed that the plain language of 18 U.S.C § 3585 initially prevented this Court from entering an Order directing the Bureau of Prisons to recalculate Echeverry's credit for time of imprisonment to include the 41 month period of time he was sentenced in state court . . . ." *Id.* at 4. The letter goes on to explain the steps that counsel had undertaken in *state* court to address the issue.

The Court directs Mr. Nelson to communicate with Mr. Echeverry. To the extent that counsel wishes to withdraw from the representation of Mr. Echeverry, he must move for leave to do so in accordance with the Court's local rules.

The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that any appeal from this order would not be taken in good faith, and therefore IFP status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

The Clerk of Court is directed to mail a copy of this order to Mr. Echeverry, together with a copy of the memorandum endorsed letter at Dkt. No. 92, and to terminate the motion pending at Dkt. No. 100 in this matter and at Dkt. No. 26 in 1:12-cv-8411.

SO ORDERED.

Dated: June 21, 2020

GREGORY H. WOODS
United States District Judge